IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DINO BENNETTI, 83442,             ) | |
|     Plaintiff,             ) | |
| ) | |
| v.             ) | No. 3:13-CV-4802-N |
| ) | |
| UNION WORKERS CREDIT SERVICE,             ) | |
|     Defendant.             ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I.  Factual background:**

Plaintiff is a state prisoner incarcerated in Arizona.  He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.  Defendant is Union Workers Credit Service.  The Court has not issued process pending judicial screening.

Plaintiff states he received a mailing from Defendant stating it would send him a credit card with a $10,000 limit in exchange for Plaintiff sending it a $37.00 payment.  Plaintiff states that in August, 2013, he sent Defendant $37, but he has received nothing from Defendant.  Plaintiff sues for fraud and seeks $150,000 in compensatory damages and $200,000 in punitive damages.

**II.  Discussion:**

Federal courts are courts of limited jurisdiction.  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

In this case, Plaintiff alleges both federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332. For federal question jurisdiction, Plaintiff alleges jurisdiction arises under 31 U.S.C. § 3723, which allows the government to settle a claim for property damages. The statute, however, applies only to claims against the federal government. Since Defendant is not a federal agency, this statute does not provide federal question jurisdiction.

Plaintiff also alleges diversity jurisdiction. Diversity jurisdiction requires that: (1) there is diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff states he is a resident of Arizona and the Defendant is a resident of Texas. As the party invoking diversity jurisdiction, however, Plaintiff also bears the burden of establishing the amount in controversy by providing a factual basis for the damages claimed. *See Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052-53 (5th Cir. 1982) ("the party invoking [diversity] jurisdiction has the burden of establishing the factual basis of his claim by pleading or affidavit"). The general rule has been to accept the complaint's claimed amount in controversy, unless it appears or is shown that the amount is not claimed in good faith. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The "good faith" inquiry focuses on whether "the claim is really for less than the jurisdictional amount." *Id.* ""[A] court would be remiss in its obligations if it accepted every

claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal*, 681 F.2d at 1052.

Plaintiff seeks a total of $350,000 for compensatory and punitive damages. Plaintiff, however, has not shown a good faith basis for the amount of damages claimed. In his answers to the Magistrate Judge's questionnaire, he states that because he is incarcerated and cannot work, the loss of $37 has a greater impact on him. To support his claim for $200,000 in punitive damages, he simply states that Defendant preyed on him. Plaintiff's allegations do not support an amount in controversy of his stated $350,000. *See Tanner v. Bank of Am.*, No. 3:09-CV-2138-B-BN, 2010 WL 742443, at *2 (N.D. Tex. Mar. 2, 2010) (seventy-five dollar dispute for overdraft charges was insufficient to prove the amount in controversy was above $75,000). Arbitrarily selected damage amounts are "prohibited and [go] against the limited scope and purpose of the doctrine of diversity jurisdiction established by the United States Supreme Court." *Stebbins v. Texas*, No. 3:11-CV-2227-B-BK, 2011 WL 6130403, at *2 (N.D. Tex. Oct. 24, 2011), *recommendation accepted*, 2011 WL 6130411 (N.D. Tex. Dec. 9, 2011). Therefore, Plaintiff's request for damages is, on its face, insufficient to support a good faith claim for damages in excess of $75,000. *See id.* (rejecting arbitrary claim of five trillion dollars as not pled in good faith); *Carr*, 2002 WL 1477427, at *2 (rejecting as not pled in good faith a $200,000 claim for stress in punitive and compensatory damages for a failure to deliver a magazine that plaintiff had ordered).

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may sua sponte raise the jurisdictional issue at any time. *Id*. Federal Rule of Civil Procedure 12(h)(3) requires that

federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

**RECOMMENDATION:**

The Court recommends that the complaint be dismissed for lack of subject matter jurisdiction.

Signed this 14th day of January, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).